FROM : 10/21/2007 22:38 FAX    FAX NO. :6108968847    Oct. 23 2007 11:24AM P2
@002/004

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Craig R. Brewster And Angela K. Brewster,<br>Debtors. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>07-12329/JKF<br><br>11 U.S.C. § 362 |
| Everhome Mortgage,<br>Movant,<br>v.<br>Craig R. Brewster And Angela K. Brewster,<br>Debtors,<br>and<br>William C. Miller, Trustee,<br>Additional Respondent. | |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 44 Cherry Street, Willow Grove, PA 19090, are $7,159.70 through October 31, 2007, including late charges and attorney fees of $650.00 and costs of $150.00.

3. Debtors shall cure the arrearages in the following manner:

(a) A lump sum payment of $2,048.88 shall be made on or before October 31, 2007;

(b) The balance of the arrears, to-wit, $5,110.82, shall be cured by the payment by Debtors of the sum of $851.80 commencing November 1, 2007, and continuing for 6 consecutive months through and including April 1, 2008, until the arrears are cured, together with the regular monthly mortgage payment of $1,024.44, or as same may be adjusted from time to time in

FROM :
10/21/2007 22:40 FAX                    FAX NO. :6108968347                    Oct. 23 2007 11:25AM P3
                                                                                              ☒ 003/004

accordance with Paragraph (e) hereof, for the total monthly payment amount of $1,876.24, payable on the due date of Debtors' mortgage;

(c)  If funds are not received prior to the 15th of the month, then the payment shall include all applicable late charges.

(d)  All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. 9000226952 written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, EverHome Mortgage, at 8100 Nations Way, Jacksonville, Florida 32256.

(e)  Debtors are responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

(f)  All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with his motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

4.  In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consent to the Court entering an Order granting Movant relief from the Automatic Stay.

5.  Debtors understand that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtors shall be responsible for any reasonable attorney fees incurred by Movant as a result of preparation of same.

FROM :
10/21/2007 22:40 FAX
FAX NO. :6108960347
Oct. 23 2007 11:26AM P4
☒004/004

6. Debtors agree that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 10/23/07

_____
Danielle Boyle-Ebersole, Esquire
Attorney for Movant

Dated: 10/23/07

_____
Richard F. Weinstein, Esquire
Attorney for Debtors

AND NOW, this 29th day of October, 2007, it is hereby ORDERED that the foregoing Stipulation is approved, ~~shall be, and is made an Order of this Court.~~

BY THE COURT:

_____
HONORABLE JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE